UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DZENIS GRAHOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV01659 NCC |
| | ) | |
| BEN'S RICHARDSON PIZZA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Parties' Joint Motion for Court Approval of Settlement. (Doc. 12). The Parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11). For the following reasons, the Court **GRANTS** the Parties' Joint Motion for Court Approval of Settlement (Doc. 12).

## I. BACKGROUND

On November 4, 2015, Plaintiff Dzenis Grahovic, a former delivery driver for Ben's Richardson Pizza Inc., an Imo's Pizza franchise, filed this suit in his individual capacity for his single-plaintiff claim on November 4, 2015, alleging that Defendant failed to pay minimum wage in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and in violation of Missouri's Wage and Hour Laws, § 290.505 R.S.Mo., *et seq.* (Doc. 1). Plaintiff also alleges that Defendant was unjustly enriched through the unpaid wages. Id. Defendant, Ben's Richardson Pizza Inc., filed a motion to dismiss on November 24, 2015. (Docs. 5, 6). Defendant alleges that the complaint should be partially dismissed and/or stricken "to limit the statute of limitations of the 'unjust enrichment' claim as it relates to minimum wage and overtime claims to two (2) years and to strike Plaintiff's prayer for relief in Count III for

compensatory damages, liquidated damages and attorney's fees and costs allowed by Section 290.527 R.S.Mo." (Doc. 6 at 1). Plaintiff filed a response to Defendant's Motion to Dismiss on November 30, 2015. (Doc. 8). On January 13, 2016, the Parties filed a Joint Motion for Court Approval of a Settlement and a Joint Memorandum in Support of the Joint Motion. (Docs. 12, 13).

## II. DISCUSSION

### A. Court Approval of FLSA Settlements

The Court first notes that "the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." Boland v. Baue Funeral Home Co., No. 4:15-CV-00469 RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (internal quotation marks emitted). See, e.g., King v. Raineri Const., LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 257 (5th Cir. 2012) (enforcing private settlement agreement entered without judicial consent where plaintiffs were represented by counsel and the court determined a bona fide dispute existed at the time the settlement was entered); Carrillo v. Dandan Inc., Civ. No. 13-671 (BAH), 2014 WL 2890309, at *5 (D.D.C. June 26, 2014) (finding that "no binding case law in this Circuit requires a district court to assess proposed FLSA settlements ex ante"); Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"). Nonetheless, because declining to review the proposed settlement agreement would leave the Parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. See King, 2015 WL 631253, at *2; Carrillo, 2014 WL 2890309, at *5 ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the

2

private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date."). "[R]eview of a proposed FLSA settlement," however, "is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." Carrillo, 2014 WL 2890309, at *8.

**B. The Proposed Settlement**

A district court may only approve a FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. Fry v. Accent Mktg. Servs. L.L.C., No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." King, 2015 WL 631253, at *2 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 115 (1946); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)). Here, the Court notes that the proposed settlement is the product of contested litigation because the Parties dispute the amount of unpaid wages — specifically mileage compensation — and liability.

"In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." King, 2015 WL 631253, at *2 (citing Carrillo, 2014 WL 2890309, at *6 (taking into account the 'totality of

the circumstances' to determine the fairness of a FLSA settlement)). This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures "the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." Lliguichuzhca, 948 F. Supp. 2d at 365. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." Crabtree v. Volkert, Inc., No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of a FLSA settlement") (quoting Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds the Parties' proposed settlement fair and reasonable to all parties. The settlement provides payment for compensation roughly equal to the difference between the minimum wages received, after deduction for job-related expenses, for the three years Grahovic worked for Ben's Richardson Pizza. It provides for attorney's fees as well as liquidated damages and costs for Grahovic in the amount of $1,500.00. The Court finds no evidence of overreaching on the part of Defendant based upon the amount of the settlement proceeds provided to Grahovic due to the de minimus nature of the damages involved. Furthermore, the settlement is a product of arm's length negotiation; all parties involved have been represented by experienced counsel throughout the litigation. Bonetti, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

Usually, settlement proposals occur after discovery. See Risch v. Natoli Engineering Co., LLC, No. 4:11-CV-1621 (AGF), 2012 WL 4357953, at *3 (E.D. Mo. Sept. 24, 2012) (the Settlement Agreement occurred after the parties engaged in "extensive fact discovery,

4

exchanging and reviewing significant numbers of documents … all documents necessary to evaluate the class claims and damages."); King, 2015 WL 631253, at *3 ("The parties engaged in settlement negotiations and exchanged a 'large amount of information and documents' for a month before submitting the proposed settlement."); Fry, 2014 WL 294421, at *1 (finding the settlement fair and reasonable to all parties when the negotiations were "achieved only after extensive motion practice, discovery, and mediation"). However, the failure to engage in formal discovery is not fatal to the Court's approval of the Parties' settlement. See Istre v. Louisiana Tank Specialties, LLC, No. CV 14-339, 2016 WL 866709, at *3 (E.D. La. May 7, 2016) ("The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.") (citing Newberg on Class Actions § 13:50 (5th ed.)); Pitts v. Levy Family Associates, LLC, No. PJM 14-1682, 2015 WL 1962147, at *3 (D. Md. April 27, 2015) (the Parties' representation of engagement in informal discovery was sufficient for the parties to "evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations."); Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 409 (S.D. Md. 2014) (holding the settlement fair and reasonable, even though "formal discovery has not commenced, [because] the parties represent that they have engaged in informal discovery, including the exchange of certain information related to Plaintiffs alleged damages") (internal quotation marks omitted). In this case, the Parties exchanged all relevant documentation concerning Grahovic's compensation while employed with Ben's Richardson Pizza, and agreed that there was a lack of evidence demonstrating Grahovic's claim of unpaid wages. (Doc. 12 at 1; Doc. 13 at 1-2). Also, the Court recognizes that, due to the de minimus nature of the damages

here and the simplicity of the facts, it is advantageous for both parties to avoid formal discovery costs. (Doc. 12 at 1).

Normally, the Court also must assess the reasonableness of a plaintiff's attorney's fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. Lliguichuzhca, 948 F. Supp. 2d at 366. Attorney's fees in FLSA settlement are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee through negotiation, "there is a greater range of reasonableness for approving attorney's fees." Wolinsky, 900 F. Supp. 2d at 336 (internal citations and quotations omitted).

The case is not a collective action. Grahovic and his counsel have not requested attorney's fees outside the $1,500.00 proposed settlement. (Doc. 12-1). Therefore, the Court need not analyze any such fees in making a determination as to the fairness or reasonableness of this settlement. Moreover, "any reluctance of the Court to approve the settlement is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes." King, 2015 WL 631253, at *4 (citing Carrillo, 2014 WL 2890309, at *7).

The Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." King, 2015 WL 631253, at *4 (citing Carrillo, 2014 WL 2890309, at *8).

6

Accordingly,

**IT IS HEREBY ORDERED** that the Parties' Joint Motion for Court Approval of Settlement (Doc. 12) is **GRANTED**. This case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that, in light of the settlement, the pending Motion for Partial Dismissal (Doc. 5) is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make an entry in the docket record reflecting the dismissal of this action with prejudice.

**IT IS FINALLY ORDERED** that the Court shall retain jurisdiction of this action for the sole purpose of determining whether the settlement should be enforced upon the motion of any party.

Dated this 25th day of March, 2016.

    /s// Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE